

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-73,752-02

### EX PARTE COTY DEMOND GILFORD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 945073-A IN THE 262ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*  ALCALA, J., filed a concurring opinion in which JOHNSON and RICHARDSON, JJ., joined.  YEARY, J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of aggravated robbery and sentenced to thirty years' imprisonment.  The Fourteenth Court of Appeals affirmed conviction. *Gilford v. State*, No. 14-03-00506-CR (Tex. App. — Houston [14th Dist.], February 19, 2004) (not designated for publication).

Applicant contends, among other things,[1] that trial counsel rendered ineffective assistance because counsel failed to investigate and argue that Applicant's arrest was illegal, and that the statement that Applicant gave while in custody was thus inadmissible. Applicant alleges that trial counsel failed to object on the basis of denial of confrontation when the State elicited information provided by non-testifying witnesses through the testimony of investigating officers at trial. Applicant also alleges that the complainant and other witnesses failed to identify Applicant in pre-trial photo lineups as the robber, and gave descriptions of the robber that did not match Applicant. Applicant alleges that trial counsel should have impeached the complainant's in-court identification with his prior inconsistent statements and inability to identify Applicant. Applicant also alleges that trial counsel should have investigated and secured the testimony of the other witnesses who did not identify Applicant as the robber.

The trial court entered an order designating issues in this case in 2007, and apparently ordered Applicant's trial counsel to provide an affidavit responding to Applicant's allegations. However, in 2016 the trial court entered findings of fact and conclusions of law, finding among other things that after reviewing the record, the trial court was of the opinion that no affidavit from trial counsel was necessary in order to address Applicant's allegations. However, the habeas record does not contain copies of the trial records that were reviewed by the trial court, and the trial court's findings of fact do not address all of Applicant's allegations.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish